## LEONARD v. LEONARD et al.

### S. F. No. 2525; December 26, 1902.

#### 70 Pac. 1071.

**Bills and Notes.**—Where One of the Makers of a Note Who Had Paid it sued the other, on the ground that the note was for defendant's benefit and that it was agreed he would reimburse plaintiff if he paid it, and no objection was made to plaintiff's evidence because the note itself was not introduced in evidence or its absence accounted for, the absence of such evidence was no ground for a nonsuit.

**Bills and Notes—Limitation of Actions.**—Where Plaintiff and Defendant gave a note for the benefit of defendant, the money being to pay an obligation of defendant's and defendant agreed to pay the note or repay plaintiff if he paid it, the transaction was not a loan by plaintiff, and his cause of action against defendant for the purpose of the statute of limitations did not arise until payment by him of the note.

**Bills and Notes—Joint and Several Obligation.**—Civil Code, section 1659, relative to interpretation of contracts, provides that, where all the parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise is presumed to be joint and several. Section 1431 provides that an obligation imposed on several persons is presumed to be joint, and not several, except in the cases mentioned in the title on the "Interpretation of Contracts." Held, that, where a note was given by two persons to obtain money for the benefit of one of them, the obligation was joint as well as several.

APPEAL from Superior Court, Santa Cruz County: Lucas F. Smith, Judge.

Action by James Leonard against T. W. Leonard and another. There was judgment for plaintiff, and the above-named defendant appeals from an order denying him a new trial. Affirmed.

John H. Leonard and Charles B. Younger, Jr., for appellant; Chas. M. Cassin for respondent.

PER CURIAM.—The plaintiff recovered, in the lower court, a verdict and judgment for the sum of $439.40 and costs. The appeal is from an order denying the defendant's motion for new trial. The case as alleged in the complaint

is as follows: The action originates in a note of the plaintiff and T. W. Leonard to the City Bank of Santa Cruz, of date April 30, 1894, for the sum of $600, and another note of the same to the same, of date March 16, 1897, for the sum of $200—the balance then due on the former note. The plaintiff paid on the original note, March 16, 1897 (the date of the latter note), the sum of $207.70; and afterward, March 13, 1899, the second note in full. The complaint, in addition to the above facts, alleges that the first note was given "at the request of and for the sole benefit of said defendants, and upon their promise to him that they, the said defendants, would pay the same, . . . . and would pay to plaintiff any sums of money that plaintiff might pay thereon," etc. The verdict and judgment are for the amounts thus paid, with interest.

It is urged by the appellant's counsel, as ground of reversal, that a nonsuit should have been granted for the several reasons assigned, viz.: (1) That the execution of the original note of April 30, 1894, was not proven; (2) that the transaction as described in the testimony of the plaintiff was simply a loan by him to the defendants, and the cause of action, therefore, barred by the statute; and (3) that the joint liability of the defendants was not proven. But these objections, we think, are untenable. The execution of the original note was in fact proved; but the point of the objection is that the note itself was not introduced in evidence nor its absence accounted for. But as no objection to the evidence was made on that score, this was unnecessary. As to the second and third points, the evidence establishes that the money was borrowed, with the knowledge and consent of the defendants, for the purpose of paying their note to a third party; and there is evidence tending to show that they agreed to pay the note, or to repay him, if he paid it; from which it is clear that the cause of action on the latter promise to repay arose upon the payment, and is not barred by the statute; and also that the obligation thus created was joint, as well as several: Civ. Code, secs. 1431, 1659.

It is further urged by the appellant that it appeared from the uncontradicted testimony of T. W. Leonard that the plaintiff was indebted to him in the sum of $245, which, it is claimed, should have been allowed on his counterclaim. But, from the previous evidence of the witness, this claim

seems to refer to payments made by him on the real property of himself and his codefendant, and was therefore not due from plaintiff otherwise than on the assumption that he was the real owner of half the property, which is negative by the verdict.

Other points are made by the appellant, but it will be sufficient to say we do not regard them as tenable.

For the reasons given, the order appealed from must be affirmed, and it is so ordered.